**STATE OF MINNESOTA**

**COUNTY OF MOWER**

**DISTRICT COURT**

**THIRD JUDICIAL DISTRICT**

**Case Type: Personal Injury**

---

Geronimo DeLuna, and the State of
Minnesota, Department of Human Services,

                  Plaintiffs,

vs.

Mower County (Minnesota),
Mower County Sheriff Terese Amazi,
Mower County Correctional Officer Chris
Fletcher, and Mower County Correctional
Officers John Doe 1 through John Doe 10,

                 Defendants.

Court File No.:

**SUMMONS**

---

TO:    DEFENDANTS ABOVE-NAMED AND THEIR ATTORNEYS:

      1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

      2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give, mail or fax to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Bennerotte and Associates, P.A., 3085 Justice Way, Suite 200, Eagan, Minnesota, 55121. Facsimile Number: 651-288-0860.

      3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

      4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to

contest the claims stated in the Complaint, you do not need to respond.  A Default Judgment can then be entered against you for the relief requested in the Complaint.

     5.     **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     6.     **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

 

**BENNEROTTE & ASSOCIATES, P.A.**

Dated: 8/23/16

Vincent J. Moccio (#0184640)

3085 Justice Way, Suite 200
Eagan, MN 55121
(651) 203-5990
vincent@bennerotte.com

ATTORNEYS FOR PLAINTIFF

**STATE OF MINNESOTA**

**COUNTY OF MOWER**

**DISTRICT COURT**

**THIRD JUDICIAL DISTRICT**

**Case Type: Personal Injury**

---

Geronimo DeLuna, and the State of
Minnesota, Department of Human Services,

              Plaintiffs,

vs.

Mower County (Minnesota),
Mower County Sheriff Terese Amazi,
Mower County Correctional Officer Chris
Fletcher, and Mower County Correctional
Officers John Doe 1 through John Doe 10,

              Defendants.

Court File No.:

**COMPLAINT**

---

TO:    DEFENDANTS ABOVE-NAMED AND THEIR ATTORNEYS:

    Plaintiffs, Geronimo DeLuna and The State of Minnesota, by and through their undersigned counsel, for their Complaint and Cause of Action against Defendants above named state and allege as follows:

**PARTIES**

    1.    Plaintiff Geronimo DeLuna is an individual currently residing in Faribault County, Minnesota.  At times relevant herein he was an inmate at the Mower County Jail.

    2.    Plaintiff State of Minnesota, Department of Human Services is a government entity that administers the Medicaid program in the State of Minnesota.

    3.    Defendant Terese Amazi was at all time relevant herein the Sheriff or Mower County and responsible for the administration of the Mower County Jail, including training of

1

Correctional Officers. Defendant Terese Amazi was at all times relevant herein an employee of Defendant Mower County, and, as such he was an agent of Defendant Mower County and was acting under color of state law.

4.     Defendant Chris Fletcher was at all time relevant herein a Correctional Officer at the Mower County Jail.  On information and belief, Defendant Chris Fletcher was at all times relevant herein an employee of Defendant Mower County, and, as such he was an agent of Defendant Mower County and was acting under color of state law.

5.     Defendants John Does 1 through 10 are correctional officers that interacted with Plaintiff DeLuna between February 9, 2015 and February 15, 2015 whose identity is not presently known to Plaintiff DeLuna.  On information and belief Defendants John Does 1 through 10 are employees of Mower County. As such Defendants John Does 1 through 10 were, at all times material herein, agents of Mower County and acting under color of state law.

6.     Defendants Terese Amazi and John Does 1 through 10 are being sued in their individual, as opposed to their official, capacity.

## JURISDICTION & VENUE

7.     Defendant Mower County is a resident of Mower County, the remaining Defendants are employees of Defendant Mower County, and this action arose in Mower County.

## FACTUAL ALLEGATIONS

8.     On or about Tuesday, February 10, 2015, Officers of the Mower County Jail gave to Plaintiff DeLuna, then an inmate at the Mower County Jail, a new pair of shoes to wear in the jail.  The shoes appeared to Plaintiff DeLuna to be a cheaper version of "Crocs."  His old shoes were taken away from him. Soon after, Plaintiff DeLuna noticed that the shoes did not fit correctly

2

in that they were too small and tight.  He asked for a larger size shoe but was told that there were

no larger sizes available.  He then asked for this old shoes back, but was told that they had been

disposed of.  Plaintiff DeLuna was therefore forced to wear the incorrectly fitting shoes.

9.      Shortly thereafter, Plaintiff DeLuna began to develop a blister and open wound on

the middle (third) toe of his left foot.  The blister soon became infected with what was eventually

diagnosed as MRSA.  The foot became hot, red, panful and swollen.

10.      Eventually, the infection made its way up Plaintiff DeLuna's foot toward his ankle.

On February 13, 2015, Mr. transported to the emergency room at the Austin Hospital for treatment

of his open wound and infection.

11.      Plaintiff DeLuna was admitted to the Austin Hospital on February 13, 2015.  He

was immediately started on antibiotic IV therapy.  Because the doctors at Austin believed he would

be a surgical candidate, they informed Plaintiff DeLuna—and the Mower County Sheriff that

accompanied him—that he would have to be transferred to the Mayo Clinic in Rochester for further

treatment.  After making a phone call, the Deputy told Plaintiff DeLuna that Plaintiff DeLuna was

being released from custody.  The Deputy unshackled Plaintiff DeLuna, told him he was free, and

left.  Plaintiff DeLuna was transported to Rochester by ambulance.

## COUNT ONE
## NEGLIGENCE
### (As to Defendants Mower County, Amazi,
### Fletcher, and John Does 1 through 10)

12.      Plaintiffs hereby reallege and incorporate by reference the allegations complained

of above as if set forth specifically herein.

3

13.     Defendants, and each of them, had a duty to provide Plaintiff DeLuna with clothing, including footwear that was safe and did not pose a threat to Plaintiff DeLuna's health and wellbeing.

14.     Defendants breached this duty by providing Plaintiff DeLuna with footwear that did not properly fit and caused him to develop an open wound in the jail environment—an environment known to be present an increased risk of exposure to bacteria and viruses, including MRSA.

15.     Defendants knew or should have known of the dangerous and hazardous condition they were creating for Plaintiff DeLuna.

16.     Defendant Mower County is liable for the negligence of its employees pursuant to the doctrine of *Respondeat Superior*.

17.     These acts and omissions on the part of these Defendants were a cause of the Plaintiff DeLuna's contraction of the MRSA infection in his foot and the subsequent damages he suffering, as described herein.

**COUNT TWO**
**NEGLIGENCE**
(As to Defendants Mower County and Amazi)

18.     Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

19.     Defendants Mower County and Amazi, and each of them, had a duty to provide Plaintiff DeLuna with a safe environment to be housed while incarcerated—and environment that was safe and did not pose a threat to Plaintiff DeLuna's health and wellbeing, including an environment that was free of dangerous bacteria and viruses.

4

20.     Defendants Mower County and Amazi breached this duty by housing Plaintiff
DeLuna in an environment infested with bacteria and viruses, including MRSA.

21.     Defendants knew or should have known of the dangerous and hazardous
condition they were creating for Plaintiff DeLuna.

22.     These acts and omissions in creating this dangerous environment, and in allowing
it to exist, on the part of these Defendants were a cause of the Plaintiff DeLuna's contraction of
the MRSA infection in his foot and the subsequent damages he suffering, as described herein.

### COUNT THREE
### (DENIAL OF DUE PROCESS RIGHT
### TO ADEQUATE MEDICAL CARE)
(As to all Defendants)

23.     Plaintiffs hereby reallege and incorporate by reference the allegations complained
of above as if set forth specifically herein.

24.     While incarcerated at the Mower County Jail, Plaintiff DeLuna had a
constitutional right under the substantive due process clause of the Eight and Fourteenth
Amendments to the United States Constitution to have his basic human needs met, including
receiving adequate medical care.  Deliberate indifference to an inmate's serious medical needs
constitutes a violation of Plaintiff DeLuna's Eight and Fourteenth Amendment rights.

25.     Plaintiff DeLuna's constitutional right to receive adequate medical care under the
Eight and Fourteenth Amendments was clearly established.

26.     Defendants' behavior far surpassed "mere negligence."  Defendants willfully
denied Plaintiff DeLuna adequate medical care, and were deliberately indifferent to his medical
needs.  Plaintiff DeLuna had objectively serious medical needs.  Rather than provide for the
medical needs, Defendants released Plaintiff DeLuna at the hospital, forcing him to seek

5

treatment on his own and provide for his treatment himself. Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff DeLuna's health and safety. Defendants' acts and/or omissions in response to Plaintiff DeLuna's medical needs were so grossly incompetent and inadequate as to shock the conscience.

27.     As a direct and proximate result of Defendants' acts and/or omissions, as described herein, Defendants, while acting under color of state law, deprived Plaintiff DeLuna's of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1983.

28.     As a direct and proximate result of Defendants' acts and/or omissions, as described herein, Plaintiff DeLuna's suffered the damages described hererin.

### COUNT FOUR
### FAILURE TO TRAIN
(Against Defendant Amazi)

29.     Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

30.     The injuries sustained by Plaintiff DeLuna were a direct result not only of the Defendants' negligent acts and/or omissions and acts and/or omissions in violation of the Eight and Fourteenth Amendments to the federal constitution and 42 U.S.C. § 1983 as described herein, but also of constitutional violations caused by failure of Defendant Amazi to property train the Correctional Officers at the Mower County Jail in how to properly provide safe footwear, a safe environment, and adequate and required medical care. Defendant Amazi's failure to properly train the Mower County Jail Correctional Officers in these ways amounted to deliberate indifference to Plaintiff DeLuna's constitutional rights.

31.     As a direct and proximate result of the Defendant Collin Amazi's failure to

6

properly train the Mower County Correctional Officers, while acting under color of state law, as described herein, Plaintiff DeLuna was deprived of his federal constitutional right to receive adequate footwear, a safe environment in which to be housed, and adequate medical care in violation of the Eight and Fourteenth Amendments and 42 U.S.C. § 1983.

32.     As a direct and proximate result of Defendant Collin Amazi's failure to properly train the Mower County Jail Correctional Officers, as described herein, Plaintiff DeLuna suffered the damages described herein.

## DAMAGES

33.     Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

34.     Plaintiff Geronimo DeLuna was enrolled in the Medicaid program, known in Minnesota as Medical Assistance.  Plaintiff State of Minnesota, Department of Human Services, paid Medical Assistance benefits for medical treatment on behalf of Plaintiff Geronimo DeLuna related to the injuries he sustained as a result of Defendant's negligence and will likely pay for additional medical treatment for Plaintiff DeLuna in the future.

35.     As a direct and proximate result of the negligent, careless, and unlawful conduct of Defendants, Plaintiff DeLuna sustained serious, permanent and disabling injuries to his mind and body. In addition, Plaintiff DeLuna's injuries resulting from the negligent, careless and unlawful conduct of Defendant has resulted in a substantial reduction of Plaintiff DeLuna's capacity to enjoy life and participate in his usual activities. Plaintiff Geronimo DeLuna's injuries are permanent and will deprive Plaintiff Geronimo DeLuna of his ability to enjoy a normal life and to carry on with his usual activities, all to his damage in an amount in excess of Fifty Thousand Dollars ($50,000.00).

7

36.     As a further direct and proximate result of the negligent, careless, and unlawful conduct of Defendants, and resulting injuries to Plaintiff Geronimo DeLuna, Plaintiff Geronimo DeLuna has been required to expend substantial sums of money for medical and hospital care in his endeavour to cure herself of said injuries and will be so required in the future, all to his further damage in a sum estimated to be greater than Fifty Thousand Dollars ($50,000.00).

37.     As a further direct and proximate result of the negligent, careless, and unlawful conduct of Defendant, and resulting injuries to Plaintiff Geronimo DeLuna occasioned thereby, as all herein described, Plaintiff Geronimo DeLuna has been deprived of her usual full-time employment and will be in the future impaired from carrying on his usual employment, and has sustained a loss of wages and a permanent loss of her earning capacity by reason thereof, all to his further damage in a sum estimated to be greater than Fifty Thousand Dollars ($50,000.00).

38.     As a further direct and proximate result of the negligent, careless, and unlawful conduct of Defendant, and resulting injuries to Plaintiff State of Minnesota occasioned thereby, as all herein described, Plaintiff State of Minnesota, Department of Human Services is entitled to be reimbursed for the amount of money it paid and will pay in the future for medical treatment on behalf of Plaintiff Geronimo DeLuna all to its further damage in a sum estimated to be greater than Fifty Thousand Dollars ($50,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

A.     Finding that Defendants, and each of them, committed acts and omissions that constituted violations of the Eight and/or Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. §1983;

8

B.      Awarding judgment in favor of Plaintiffs against the Defendants, and each of them, jointly and severally in an amount to be determined at trial as and for compensatory damages on causes of action;

C.      Awarding Plaintiffs all applicable pre-judgment and post-judgment interest;

D.      Awarding Plaintiff Geronimo DeLuna his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and/or his contingency fee agreement; and

E.      Awarding such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

A trial by jury on all issues so triable is hereby requested.

BENNEROTTE & ASSOCIATES, P.A.

Dated: August 23, 2016

Vincent J. Moccio (#0184640)

3085 Justice Way, Suite 200
Eagan, MN 55121
(651) 842-9257
Vincent@bennerotte.com

**ATTORNEYS FOR PLAINTIFF**
**GERONIMO DELUNA**

**and**

OTTEN LAW OFFICES
135 Portland Corporate Center
12400 Portland Avenue South
Burnsville, MN 55337
(952) 736-3300
paulo@ottenlaw.com

**ATTORNEYS FOR PLAINTIFF**
**STATE OF MINNESOTA,**
**DEPARTMENT OF HUMAN SERVICES**

10

ACKNOWLEDGEMENT

The undersigned attorney acknowledges, pursuant to Minn. Stat. §549.211 (2), that the attorney and the attorney's client are aware that upon motion of a party, or upon the court's own motion, the court in its discretion may award to that party costs, disbursements, reasonable attorney's fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted on unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

BENNEROTTE & ASSOCIATES, P.A.

Dated: August 23, 2016

Vincent J. Moccio (#0184640)

3085 Justice Way, Suite 200
Eagan, MN 55121
(651) 842-9257
Vincent@bennerotte.com

**ATTORNEYS FOR PLAINTIFF
GERONIMO DELUNA**

**and**

OTTEN LAW OFFICES
135 Portland Corporate Center
12400 Portland Avenue South
Burnsville, MN 55337
(952) 736-3300
paulo@ottenlaw.com

**ATTORNEYS FOR PLAINTIFF
STATE OF MINNESOTA,
DEPARTMENT OF HUMAN SERVICES**

11