UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Geronimo DeLuna, and the State of<br>Minnesota, Department of Human Services,<br><br>Plaintiffs,<br><br>v.<br><br>Mower County; Terese Amazi, Mower<br>County Sheriff; Chris Fletcher, Mower<br>County Correctional Officer; and Officers<br>John Doe 1 through John Doe 10,<br><br>Defendants. | Civ. No. 16-3249 (PAM/SER)<br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendants' Motion for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

This lawsuit stems from injuries Plaintiff Geronimo DeLuna sustained after contracting Methicillin-resistant Staphylococcus aureus ("MRSA") at Mower County Jail in February 2015. DeLuna was incarcerated for violating the terms of his probation. (Aff. of Chris Fletcher (Docket No. 31) Ex. 7.) While incarcerated, he participated in the Sentence to Serve ("STS") program, which permits eligible inmates to do community service work outside the jail. (Aff. of Jason Hiveley (Docket No. 32-7) (Davidson Dep.) at 6-7.)

On February 10, a correctional officer gave DeLuna a pair of slip-on shoes that were too small for him—he received female size 10 but his shoe size is male size 10. (Aff. of Jason Hiveley (Docket No. 32-1) (DeLuna Dep.) at 16-17.) DeLuna told the

officer that the shoes were too small, but the officer stated that he had no other pair to offer DeLuna. (Id. at 18-19.) He also wore socks with these shoes. (Id. at 19.)

The following day, DeLuna participated in a STS project and wore his own shoes—not the slip-on shoes—because STS participants can wear personal clothes to STS projects. (Id. at 13-14, 23.) When he returned to the jail, a correctional officer noticed that his foot looked sore and immediately gave him a larger pair of shoes. (Id. at 16-17.) Nevertheless, he claims that wearing slip-on shoes that were too small for him caused soreness and blister on his left foot, because they rubbed and ripped his skin. (Id. at 15-16, 19.)

Over the next two days, DeLuna's foot got progressively worse, and the County ultimately transferred him to the Mayo Clinic in Rochester, Minnesota, where he was diagnosed with a MRSA infection on his left foot. (DeLuna Dep. at 41-42, 46-47, 56-57.) He underwent three surgeries and was hospitalized for ten days. (Id. at 47-48.) It appears that DeLuna has recovered, but he has a scar and claims that he suffers from periodic, sharp pain in his left foot. (Id. at 48.)

DeLuna alleges that the County's negligent failure to provide him with proper footwear caused his injury and hospitalization.[1] (Compl. (Docket No. 1-1).) The County now moves for summary judgment.

---

[1] The Complaint also includes causes of action against all Defendants for negligence regarding MRSA in the prison, for denying access to medical care, and for failing to train. But DeLuna voluntarily dismissed these claims and all Defendants but the County in his response brief. (Pl.'s Opp'n Mem. (Docket No. 34) at 1.) These claims are therefore dismissed.

## DISCUSSION

### A.   Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### B.   Negligence

To maintain a cause of action for negligence, DeLuna must establish: "(1) duty; (2) breach of that duty; (3) that the breach of duty be the proximate cause of [his] injury; and (4) that [he] did in fact suffer injury." Johnson v. State, 553 N.W.2d 40, 49 (Minn. 1996). It is undisputed that the County has a duty to "provide suitable jail clothing," Minn. Stat. § 641.15, subd. 1, and to "protect inmates from foreseeable harm." Thomsen v. Ross, 368 F. Supp. 2d 961, 978 (D. Minn. 2005) (Rosenbaum, J.); see also Cooney v. Hooks, 535 N.W.2d 609, 612 (Minn. 1995) (dismissing inmate's negligence claim because there was no evidence that harm was foreseeable). The County argues that it did not breach that duty.

DeLuna maintains that the County breached its duty of care because it was foreseeable that providing him with shoes that were too small would cause blistering on his foot. But the correct inquiry is whether giving an inmate shoes that do not fit for less than 24 hours would foreseeably cause a MRSA infection, because DeLuna's negligence claim alleges injury stemming from that infection. (Compl. ¶ 17.)

"In close cases, the issue of foreseeability should be submitted to the jury." Domagala v. Rolland, 805 N.W.2d 14, 27 (Minn. 2011). But "foreseeability of harm can be decided by the court as a matter of law when the issue is clear." Foss v. Kincade, 766 N.W.2d 317, 323 (Minn. 2009). The foreseeability of a danger turns on whether "the specific danger was objectively reasonable to expect, not simply whether it was within the realm of any conceivable possibility." Id. at 322 (quoting Whiteford ex rel. Whiteford v. Yamaha Motor Corp., U.S.A., 582 N.W.2d 916, 918 (Minn. 1998)).

DeLuna argues that the issue of foreseeability is a question for the jury because it is a matter of common sense. But there is simply no indication here that the issue of foreseeability is a close case, and it is not objectively reasonable to expect an inmate to contract a MRSA infection by wearing shoes that are too small for less than 24 hours. The County did not breach its duty of care to DeLuna.

Even if the County had breached its duty, however, DeLuna presents insufficient evidence to raise a question of causation to the jury. "Minnesota applies the substantial factor test for causation." George v. Estate of Baker, 724 N.W.2d 1, 10 (Minn. 2006). Thus, DeLuna can only recover damages if wearing shoes that were too small for less than 24 hours was a substantial factor in the occurrence of his injury. See id. The

4

County's expert, Dr. Randal Wojciehoski, opined that "it is impossible to pinpoint where Mr. DeLuna contracted MRSA" and that many other causative factors exist that could have developed the MRSA infection, including DeLuna's "extremely high-risk behavior," his history of methamphetamine and other drug abuse, and the fact that he has multiple tattoos.  (Aff. of Jason Hiveley (Docket No. 32-6) (Wojciehoski Rep.) at 5.) DeLuna offers no rebuttal evidence.  While the too-small shoes may have been one factor, DeLuna presents no evidence that it was a substantial factor in his injury.

**C.     Immunity**

The County also argues that it is entitled to vicarious official immunity because the decision to give DeLuna shoes that were too small for less than 24 hours was fact-specific and discretionary.[2]

"[W]hether official immunity applies turns on: (1) the conduct at issue; (2) whether the conduct is discretionary or ministerial and, if ministerial, whether any ministerial duties were violated; and (3) if discretionary, whether the conduct was willful or malicious."  Vassallo ex rel. Brown v. Majeski, 842 N.W.2d 456, 462 (Minn. 2014). Under an official immunity analysis, "[a] discretionary act is one for which an official must exercise 'judgment or discretion.'  A ministerial act involves merely the execution of a specific, absolute duty."  Dokman v. Cty. of Hennepin, 637 N.W.2d 286, 296 (Minn. Ct. App. 2001) (citations and quotation omitted).  And "vicarious official immunity protects the government entity from suit based on the official immunity of its employee."

---

[2]  The County also contends that statutory immunity shields it from liability for its decisions regarding DeLuna's medical treatment.  But DeLuna voluntarily dismissed those claims, so the Court will not address this argument.

5

Wiederholt v. City of Minneapolis, 581 N.W.2d 312, 316 (Minn. 1998).  DeLuna argues that the County's duty to provide him with proper shoes is ministerial, not discretionary, and that the County violated this ministerial duty by failing to provide suitable shoes. See Minn. Stat. § 641.15, subd. 1.

The only case to address a similar issue is an unpublished opinion of the Minnesota Court of Appeals.  See Wendt v. Cty. of Mille Lacs, No. A13-0114, 2013 WL 4711210 (Minn. Ct. App. Sept. 3, 2013).  In Wendt, an inmate "was given 'extremely large' shoes, which she described as 'clown shows,'" and was transported from a courthouse "handcuffed and chained at her ankles."  Id. at *2.  She injured herself by tripping and falling down a flight of stairs, because her shackles got tangled in her shoes. Id.  The court of appeals affirmed a state district court's determination that official immunity did not apply, reasoning that "a limited supply of shoes does not negate the statutory requirement that the county provide inmates with suitable clothing."  Id. at *6. But Wendt is distinguishable from the matter at hand.

Here, DeLuna received a pair of shoes that were too small.  But a correctional officer replaced those shoes less than 24 hours later, immediately after he realized that they were not suitable for DeLuna.  And DeLuna also wore his own shoes for a significant period of time during that 24-hour period because he participated in the STS program. Finally, the Court notes that the new pair of slip-on shoes that DeLuna received were also not his size, but he does not contend that this pair was unsuitable.  It appears that suitable shoes do not have to be a perfect fit, and correctional officers are entitled to some discretion regarding what size of shoe that they provide to inmates.  If

6

discretionary, DeLuna does not contend that the correctional officers' conduct was willful or malicious. And if ministerial, the officers did not violate their duty. The County is entitled to vicarious official immunity.

**CONCLUSION**

The County did not breach its duty of care to DeLuna, insufficient evidence exists to establish a jury question on causation, and even if DeLuna presented a valid negligence claim, the County is immune from liability. Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion for Summary Judgment (Docket No. 29) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>April 18, 2018</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge